UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 20-21626-CV-MARTINEZ

WORLD MEDIA ALLIANCE LABEL, INC., et al.,

        Plaintiffs,

vs.

OOO "IZDATELSTVO JAM," et al.,

        Defendants.
_____/

**ORDER ON PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS, OOO "IZDATELSTVO JAM," JAM GROUP, MEDIATECHA JAM A/K/A MADIATEKA JAM AND ANDREY CHERKASOV**

THIS CAUSE came before the Court upon Plaintiffs' Ex Parte Motion For Alternative Service of Process on Defendants, OOO "Izdatelstvo Jam," Jam Group, and Mediatecha Jam a/k/a Madiateka Jam and Andrey Cherkasov, [ECF No. 11]. The Court has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. After careful consideration and for the reasons set forth below, the Court grants Plaintiffs' motion in part.

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternative method of service to be effected upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements."). The plain language of Rule 4(f)(3) reflects that the decision to issue an order

allowing alternate means of services lies within the discretion of the district court. *See Audemars Piguet Holdings SA v. 1forclock.ru*, No. 18-60351-CIV, 2018 WL 7082665, at *1 (S.D. Fla. Feb. 22, 2018). Here, Plaintiffs wish to serve the foregoing Defendants through international mail and by e-mail.

I.      E-mail

Service by e-mail is not prohibited by international agreement in this case. The Hague Convention does not specifically preclude service of process via e-mail or by posting on a designated website. *Id.* "Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such [as] e-mail or website posting." *Id*. (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590-FAM, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015)). A court acting pursuant to Rule 4(f)(3), therefore, retains the discretion to order alternative means of service where a signatory has not expressly objected to those means. *Id.* Accordingly, service by e-mail or internet communications does not violate an international agreement. *Id.*

Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Audemars Piguet*, 2018 WL 7082665, at *2.

Here, Plaintiffs have verified that each Defendant has at least one electronic means of

contact. In addition, Plaintiffs assert that they have communicated with Defendants via e-mail. Accordingly, the Court finds that Plaintiffs have shown good cause for leave to allow service of the Summonses, Complaint, and all future filings in this matter upon Defendants, OOO "Izdatelstvo Jam," Jam Group, and Mediatecha Jam a/k/a Mediateka Jam and Andrey Cherkasov, via e-mail.

II.     International Mail

The Russian Federation is a signatory to the Hague Convention, but objects to all methods of service in Article 10, including "the freedom to send judicial documents, **by postal channels**, directly to persons abroad." Hague Serv. Convention art. 10(a) (emphasis added). "[I]t is important to distinguish between two actions that Russia has taken with respect to the Hague Convention." *Kuklachev v. Gelfman*, 2008 WL 5068860, at *2 (E.D.N.Y. Nov. 24, 2008).

> The first is that Russia has objected to Article 10, which permits service by mail. The second is that Russia is refusing to transmit service requests through its Central Authority, which is the mechanism designated under the Convention for effecting service. [But] permitting alternative service [pursuant to Rule 4(f)(3)] due to Russia's failure to abide by the Convention, [] does not change the fact that Russia does not agree to service by mail.

*Id*. Accordingly, the Court finds that despite Russia's noncompliance with the Hague Convention, service by international mail does not suffice as adequate service. S*ee Bidonthecity.com LLC v. Halverston Holdings Ltd.*, 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014). Plaintiffs have not set forth any authority indicating otherwise. Specifically, Plaintiffs have not set forth any caselaw asserting that "international mail" should not be considered "service by mail" or mail via "postal channels," as specifically objected to by the Russian Federation. Therefore, the Court will not permit the above Defendants to be served by international mail.

III.    Conclusion

Accordingly, after careful review of the Motion, the evidence submitted in support of the

3

motion, and the applicable law, it is hereby:

**ORDERED and ADJUDGED**, as follows:

1. Plaintiffs' *Ex Parte* Motion For Alternative Service, [ECF No. 11], is hereby **GRANTED IN PART**.

2. Plaintiffs may serve Defendants OOO "Izdatelstvo Jam," Mediatecha Jam a/k/a Madiateka Jam, Jam Group, and Andrey Cherkasov through the following emails: top7russia@gmail.com for Andrey Cherkasov and copyright@jamgroup.ru for Defendants OOO "Izdatelstvo Jam," Jam Group, and Mediatecha Jam a/k/a Mediateka Jam.

DONE and ORDERED in Chambers at Miami, Florida, this 4th day of June, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT JUDGE

Copies Furnished To:
All Counsel of Record

4